IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 29, 2022 Session

## SARAH BOREN v. DAVID WADE JR.

**Appeal from the Circuit Court for Shelby County**
**No. CT-005064-06  Jerry Stokes, Judge**

_____

### No. W2020-01560-COA-R3-CV

_____

This case involves a post-divorce modification of the parties' parenting plan for their minor child. The trial court suspended Appellant/Father's visitation. Because the trial court failed to make any findings concerning the child's best interest, Tenn. R. Civ. P. 52.01, Tenn. Code Ann. §§ 36-6-404(b), 36-6-106(a), we vacate the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and CARMA DENNIS MCGEE, JJ., joined.

Abigail D. Hall and Elizabeth W. Fyke, Memphis, Tennessee, for the appellant, David Wade, Jr.

Charles W. McGhee, Memphis, Tennessee, and Monica A. Timmerman, Bartlett, Tennessee, for the appellee, Sarah Boren.

### MEMORANDUM OPINION[1]

Appellee Sarah Boren ("Mother") and Appellant David Wade, Jr. ("Father") were married in August 2004. The minor child at issue in this case, Madeline Wade, was born

_____

[1] Rule 10 of the Rules of the Court of Appeals states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

on December 4, 2004. In late 2007, the parties were divorced. On November 28, 2007, a permanent parenting plan was entered for Madeline. Under the initial plan, the parties were granted joint custody. Three consent orders were subsequently entered in 2010; these orders include: (1) April 16, 2010 order memorializing the parties' agreement that Father's parenting time would be supervised, that Father would have no overnight visits, and that all visit would be agreed upon by the parties pending further orders of the trial court; (2) May 11, 2010 order memorializing the parties' agreement that Father would submit to a Tennessee Rule of Civil Procedure 35 psychological evaluation; and (3) October 8, 2010 order memorializing the parties' agreement to modify the existing parenting plan.

On July 8, 2013, the trial court entered a consent order removing the supervised visitation requirement and allowing Father's unsupervised visits with Madeline. In August 2017, Father filed a petition to modify the parenting plan. Mother filed an answer and counter-petition to modify Father's child support obligation. The cross-petitions were continued several times for various reasons before being heard in September and October of 2018. The trial court granted Mother's Tennessee Rule of Civil Procedure 41.02 motion for involuntary dismissal of Father's petition for modification of the parenting plan. The matter of child support was referred to a divorce referee. By order of August 1, 2019, the trial court adopted the referee's recommendation on child support and subsequently denied Father's petition to set aside that order.

On September 13, 2019, Mother filed an amended motion for immediate injunctive relief, wherein she first alleged that Father had sent inappropriate emails and correspondence to the child's school, and had made inappropriate social media posts regarding the child's participation on the school's dance team. Father opined that the music, uniforms, routines, etc. were lewd and otherwise inappropriate. Mother also moved for an injunction to stop such communication with the child's school and asked the trial court to modify visitation. By order of October 4, 2019, the trial court granted Mother's request for injunction. On November 19, 2019, the trial court granted Mother's petition to modify visitation. The trial court held that Father's visitation would be supervised and that he would participate with the child's therapist in an effort to repair his relationship with Madeline. On December 20, 2019, the parties entered a consent order, wherein Father agreed to participate with Madeline's therapist, Dr. Lou Martin. On January 3, 2020, Mother filed a petition for relief from the December 20, 2019 order. Father did not submit to the Rule 35 evaluation as agreed in the consent order of 2010. Suffice to say, the disputes between the parties regarding child support, visitation, and parenting have been ongoing and highly contentious.

Giving rise to the immediate appeal, on January 1, 2020, Father filed "Father's combined petition to I) set a hearing to establish attorney fees awarded to Monica Timmerman in November 7, 2017; II) to set a hearing to reset child support; III) to reinstate the parenting plan dated October 2010 and to grant Father fall break and Thanksgiving break 2020; IV) respond to Mother's January 3, 2020 petition to respond and hold Father

in criminal and civil contempt; V) hold mother in criminal and civil contempt of court and cite Mother for child abuse; VI) petition for immediate injunctive relief; and VII) Amendment to Father's December 6, 2019 petition for immediate relief"; Father filed an amended petition on July 7, 2020.

By order of January 17, 2020, the trial court set aside the consent order of December 20, 2019 and ordered Father to cooperate with Dr. Martin and to arrange family therapy. On January 27, 2020, the trial court entered an order lifting the requirement that Father's visits be supervised.

On March 4, 2020, Mother filed an amended petition requesting that Father be required to submit to a Tennessee Rule of Civil Procedure 35 evaluation.[2] On June 18, 2020, Mother and the guardian ad litem filed separate motions for criminal contempt against Father; Mother filed an amended motion for criminal contempt on July 10, 2020. On June 30, 2020, Mother filed a petition for immediate injunctive relief to suspend Father's parenting time; she also moved for an order on her Rule 35 motion. On July 13, 2020, the trial court entered an order on Mother's Rule 35 motion, wherein it held that Father would submit to the psychological evaluation.

All pending matters were heard over four days, August 19, 20, 24, and 27, 2020. The trial court entered its final order on October 12, 2020, wherein it: (1) held that Father's parenting time would be suspended pending his cooperation with the Rule 35 examination; (2) suspended the counseling requirements involving Madeline and Father; (3) denied Father's petition for contempt against Mother; (4) ordered Father to cease and desist communication with or about the child's school; and (5) awarded Mother attorney fees and costs. Father appeals.

Father raises the following issues as stated in his brief:

1. Whether the Circuit Court of Shelby County, Tennessee committed reversible error to the extent that it found a material change in circumstance existed which warranted a modification of the parties' parenting schedule.

2. Whether the Circuit Court of Shelby County, Tennessee committed

---

[2] Tennessee Rule of Civil Procedure 35 provides:

When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

reversible error to the extent that it failed to analyze the relevant best interest factors prior to modifying Father's parenting time.

3. Whether the Circuit Court of Shelby County, Tennessee committed reversible error to the extent that it found Father's parenting time should be suspended until he completed a Rule 35 psychological evaluation, is diagnosed, a treatment plan is developed, and Father follows all recommendation steps.

4. Whether the Circuit Court of Shelby County, Tennessee committed reversible error in awarding attorney fees to Mother rather than Father and whether Father should be awarded attorney fees on appeal.

Mother asks for appellate attorney fees and costs.

We do not reach the substantive issues in this case because the trial court failed to make any findings concerning the child's best interest before suspending Father's parenting time. Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.").

Tennessee courts apply a two-step analysis for requests for either a modification of the primary residential parent or the residential parenting schedule. *See, e.g.*, ***In re T.R.Y.***, No. M2012-01343-COA-R3-JV, 2014 WL 586046, at \*12 (Tenn. Ct. App. Feb. 12, 2014) (primary residential parent modification); ***In re C.R.D.***, No. M2005-02376-COA-R3-JV, 2007 WL 2491821, at \*6 (Tenn. Ct. App. Sept. 4, 2007) (parenting time modification); *see also **Brunetz v. Brunetz***, 573 S.W.3d 173, 179 (Tenn. Ct. App. 2018). The threshold issue is whether a material change in circumstances has occurred since the court adopted the current parenting plan. Tenn. Code Ann. § 36-6-101(a)(2)(B)(i), (C). If a material change has occurred, the court must then determine whether modifying the parenting plan is in the child's best interest by examining the statutory best interest factors. ***Armbrister v. Armbrister***, 414 S.W.3d 685, 697-98 (Tenn. 2013); *see* Tenn. Code Ann. § 36-6-106(a).

Here, the trial court failed to conduct a best interest analysis. *See* Tenn. Code Ann. § 36-6-404(b), -405(a). In a best interest analysis, the court "shall consider all relevant factors." *Id*. § 36-6-106(a); *see **Burden v. Burden***, 250 S.W.3d 899, 910 (Tenn. Ct. App. 2007) (reasoning that the court "shall consider" best interest factors "if they are relevant"); ***Burnett v. Burnett***, No. E2002-01614-COA-R3-CV, 2003 WL 21782290, at \*6 (Tenn. Ct. App. July 23, 2003) (explaining that a trial court must "consider all of the listed factors which are applicable"); *accord **Dishman v. Dishman***, No. M2008-01194-COA-R3-CV, 2009 WL 1181341, at \*3 (Tenn. Ct. App. May 1, 2009). As this Court has explained:

> This Court has previously held that a trial court must comply with Rule 52.01 with regard to a hearing on a petition to modify a parenting plan. ***See Iman v. Iman***, No. M2012-02388-COA-R3-CV, 2013 WL 7343928, at \*13 (Tenn.

Ct. App. Nov. 19, 2013) (concluding that without findings of fact and conclusions of law as to the factors the trial court considered, this Court is unable to conduct a meaningful appellate review of decision regarding a decision to modify a parenting schedule).

*Spigner v. Spigner*, No. E2013-02696-COA-R3-CV, 2014 WL 6882280, *10 (Tenn. Ct. App. Dec. 8, 2014). Rule 52.01 requires the court to make these findings regardless of a request by either party. *Id*. As succinctly explained by the Tennessee Supreme Court Rule 52.01 findings and conclusions serve three purposes:

> First, findings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision. *See* *Estate of Bucy v. McElroy*, No. W2012-02317-COA-R3-CV, 2013 WL 1798911, at *3-4 (Tenn. Ct. App. Apr. 26, 2013) (noting that the Rule 52.01 requirement facilitates appellate review); *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *5 (Tenn. Ct. App. Dec. 27, 2012) (same); *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009) (recognizing that without findings and conclusions appellate courts are left to wonder about the basis of a trial court's decision); *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004) (same); 9C [Charles A. Wright et al.,] Federal Practice and Procedure § 2571, at 219 [ (3d ed.2005) ] [hereinafter 9C Federal Practice and Procedure] (recognizing that specific findings by the trial court facilitate appellate review). Second, findings and conclusions also serve "to make definite precisely what is being decided by the case in order to apply the doctrines of estoppel and res judicata in future cases and promote confidence in the trial judge's decision-making." 9C Federal Practice and Procedure § 2571, at 221-22. A third function served by the requirement is "to evoke care on the part of the trial judge in ascertaining and applying the facts." *Id*. at 222. Indeed, by clearly expressing the reasons for its decision, the trial court may well decrease the likelihood of an appeal. *Hardin*, 2012 WL 6727533, at *5.

*Lovlace v. Copley*, 418 S.W.3d 1, 34-35 (Tenn.2013).

In *Spingner*, this Court held:

> While the trial court's orders do indicate that the trial court found a material change in circumstances . . . the trial court's order contains no indication that the trial court considered any of the fifteen factors outlined in Tennessee Code Annotated Section 36-6-106(a) that "shall" be considered by the trial court in determining the best interests of the children. This Court has previously held that the failure to articulate any factors considered in a

- 5 -

decision to change a parenting plan requires this Court to vacate the decision and remand for the entry of an order that "specifically address[es] the best interest of the child and should articulate the factors relied on by the trial court in reaching its decision." *See **Iman*** [***v. Iman***, No. M2012-02388-COA-R3-CV,] 2013 WL 7343928, at *13 [(Tenn. Ct. App. Nov. 19, 2013)].

***Spingner***, 2014 WL 6882280 at *10. The same is true here.

For the foregoing reasons, we vacate the trial court's order. Wife's request for appellate attorney's fees and costs is denied. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to, findings concerning the child's best interest. Costs of the appeal are assessed to the Appellant, David Wade, Jr., for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

- 6 -